UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERT GENOWAY,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTION STAFF, DR. JODY BECKER GREEN, BERNARD WARNER, JAMES KEY, MAGGIE MILLER-STOUT, CAPT. ARNETT, LT. DUENICH, CUS K. LAWRENCE, SGT. ADAMS, CC3 STOKES, CC2 LIGHTBODY, CC2 SMET, CO J. WARD, CO RIDGEWAY and AC BARBER,<br><br>    Defendants. | NO: 2:17-CV-99-RMP<br><br>ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF AND FOR APPOINTMENT OF COUNSEL |

**BEFORE THE COURT** are Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 2 (41 pages), which includes an affidavit dated February 22, 2014; a Memorandum of Law, ECF No. 3 (41 pages); a proposed Order to Show Cause, ECF No. 4 (11 pages); a Declaration and

ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF AND FOR APPOINTMENT OF COUNSEL -- 1

Memorandum, ECF No. 5 (252 pages); a List of Exhibits, ECF No. 9 (92 pages); an Amended list of Defendants, ECF No. 10 (2 pages); a Motion for Appointment of Counsel, ECF No. 12 (5 pages); an additional Declaration in Support of the Motion for injunctive relief, ECF No. 13 (31 pages); and an Affidavit dated April 14, 2017, ECF No. 15 (4 pages).

Plaintiff, a *pro se* prisoner at the Airway Heights Corrections Center has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and paid the $400.00 fee to commence this action. By separate Order, the Court has advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty (60) days.

Plaintiff's initial Motion for injunctive relief and supporting documents were unsigned. Plaintiff has remedied this deficiency, ECF No. 11. As advised in the Court's prior Order, the Clerk of Court will not be substituting, adding, or eliminating pages as instructed by Plaintiff. If Plaintiff wishes to amend any of the information in a document, he must submit an amended document which will function as a complete substitute for, and not a mere supplement to, the prior document.

To date, Plaintiff's submissions have been verbose, lacking a clear and concise statement of a claim. A Court has the inherent authority to manage its own docket, *see Link v. Wabash Railroad Co.,* 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own

affairs so as to achieve the orderly and expeditious disposition of cases"). Therefore, the Court will require that Plaintiff limit each future motion to five pages, with only one supporting document which shall not exceed twenty pages. If Plaintiff exceeds these limitations, without express written permission from this Court, his documents will be stricken.

Furthermore, exhibits should not be submitted with a complaint. Instead, the relevant information contained in an exhibit should be paraphrased in the complaint. Plaintiff should keep his exhibits to use to support or oppose a motion for summary judgment or a motion to dismiss, or for use at trial.

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff submitted a 41 page document titled, "Motion and Affidavit in Support of Temporary Restraining Order & Preliminary Injunction By State Prisoner to Enable Civil Rights Proceeding and State Appeal Completion." ECF No. 2. By this Motion, Plaintiff seeks to enjoin any impediment to his pursuit of a claim in the state courts that his appellate counsel, in violation of the Sixth Amendment, committed fraud which will allegedly require the recall of the mandate[1] and the reinstatement of his direct criminal appeal. Apart from his

---

[1] Under the laws of Washington, a conviction becomes final when the mandate is issued. See RCW 10.73.090(3)(b).

conclusory assertions, Plaintiff does not specify on what basis he is entitled to a new appeal, or that a motion to recall the mandate has or would been granted.

Under Federal Rule of Civil Procedure 65, a TRO may be issued without notice to the adverse party or its counsel only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1).

Although the restrictions imposed under Rule 65 are stringent, they "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–439 (1974). Accordingly, there are "very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir.2006) (courts have recognized a "very narrow band of cases in which ex parte orders are proper"). For example, notice may be excused where it "is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Id*. Or, notice may not be required where

providing "notice to the defendant would render fruitless the further prosecution of the action" because the adverse party is likely to destroy evidence. *Id*.

Additionally, a temporary restraining order is generally restricted to its underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152 (D. Haw. 2002).

The record before the Court does not warrant a TRO. By separate Order the Court has determined that Plaintiff failed to state a timely claim that he has been denied access to the court, or a plausible and timely claim of retaliation against identified Defendants. Plaintiff has failed to make an adequate showing, supported by admissible evidence, of immediate irreparable harm. See FED. R. CIV. P. 65(b). Furthermore, because Plaintiff seeks to alter rather than preserve the status quo, a TRO is an inappropriate remedy. Therefore the Motion for a Temporary Restraining Order will be denied.

Likewise, a preliminary injunction is an extraordinary remedy never awarded as of right. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). The Supreme Court stated that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.,* at 20;

*American Trucking Associations v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Plaintiff has not made this showing.

Furthermore, under the Prison Litigation Reform Act ("PLRA"), in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) ("The PLRA both limits the prospective relief a court may order in [civil actions challenging prison conditions], and authorizes the termination of relief that does not fall within those limits."). At this time, Plaintiff has not alleged facts requiring preliminary relief. Accordingly, the Motion for Injunctive Relief will also be denied.

## MOTION FOR APPOINTMENT OF COUNSEL

Also before the Court is Plaintiff's *pro se* Motion for Appointment of Counsel, ECF No. 12. This Court has discretion to designate counsel pursuant to 28 U.S.C. §1915(e)(1) only under exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel). Determining whether exceptional circumstances exist requires evaluating "the likelihood of success on the merits" and Plaintiff's ability "to articulate his claims

*pro se* in light of the complexity of the legal issues involved." *Id*. (citation omitted).

Plaintiff contends that he is unable to afford counsel, the issues are complex, his ability to pursue this lawsuit is restricted, he has been unable to obtain counsel and he has a limited knowledge of the law. Plaintiff's situation are not unlike that of other incarcerated individuals. At this time, the record does not reflect exceptional circumstances. Accordingly, Plaintiff's request for appointment of counsel will be denied.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 2, is **DENIED.**

2. Plaintiff's Motion for Appointment of Counsel, ECF No. 12, is **DENIED.**

3. Plaintiff shall limit any future motion to five pages, with only one supporting document which shall not exceed twenty pages. If Plaintiff exceeds these limitations, without express written permission from this Court, his documents will be stricken.

4. The Clerk of Court shall enter this Order and forward a copy to Plaintiff.

**DATED** May 5, 2017.         *s/ Rosanna Malouf Peterson*
　　　　　　　　　　　　　　ROSANNA MALOUF PETERSON
　　　　　　　　　　　　　　United States District Judge

ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF AND FOR APPOINTMENT OF COUNSEL -- 7