UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERT GENOWAY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, BERNARD WARNER, DR. JODY BECKER GREEN, MAGGIE MILLER-STOUT, JAMES KEY, APM ANNE GUZMAN, CAPT. ARNETT, CUS P. DUENICH, CUS KERRY LAWRENCE, CC3 SAIZ, CPM K. WITT, GRIEVANCE COORDINATOR B. DESHAZER, SGT. ADAMS, CC3 RUBEN STOKES, CC2 KEVIN LIGHTBODY, CC2 PEGGIE SMET, CO J. WARD, CO RIDGEWAY, AC M. BARBER, GRIEVANCE COORDINATOR J. MARTIN, and GPM D. CALDWELL,<br><br>　　　　　　　Defendants. | NO: 2:17-CV-99-RMP<br><br>ORDER DISMISSING ACTION<br><br>**1915(g)** |

ORDER DISMISSING ACTION -- 1

BEFORE THE COURT is Plaintiff's *pro se* First Amended Complaint, ECF No. 42. This document, consisting of 28 pages of single spaced writing, plus 11 pages of supplemental information, neither cures the deficiencies of the initial complaint, nor complies with Rule 8(a), Federal Rules of Civil Procedure, requiring a short and plain statement of the claims entitling Plaintiff to relief.

A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

## DEPARTMENT OF CORRECTIONS

Plaintiff names the Department of Corrections as a Defendant. Section 1983 requires a claimant to prove (1) that a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Likewise, "arms of the State" such as the Department of Corrections are not "persons" amenable to suit under 42 U.S.C. §

1983. *Id.* at 70. Accordingly, Plaintiff's claims against the Department of Corrections are subject to dismissal.

## USE OF TERM "ET AL."

Plaintiff uses the abbreviation "et al." inappropriately in the caption of his First Amended Complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff must name all defendants in his complaint (an amended complaint supersedes the initial complaint). *Id.* Failing to name all defendants in his complaint denies the court jurisdiction over the unnamed defendants. Fed. R. Civ. P. 10(a); *accord United States ex rel. Blue Circle West, Inc. v. Tucson Mechanical Contracting Inc.*, 921 F.2d 911, 914 (9th Cir. 1990).

## STATUTE OF LIMITATIONS

As the Court previously advised Plaintiff, Plaintiff's claims arising prior to March 17, 2014, are barred by the applicable three year statute of limitations. ECF No. 19 at 5; *see also RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1058 (9th Cir. 2002). Plaintiff asserts that Defendant Duenich advised Plaintiff prior to March 17, 2014, that Plaintiff would be allowed to store excessive legal property in the property room and have access to it. Plaintiff appears to allege that, by allegedly advising Plaintiff in this way, Defendant Duenich engaged in "bad-faith deception." ECF No. 42, ¶ 18.

To the extent Plaintiff is attempting to invoke equitable tolling under *Millay v. Cam,* 135 Wash.2d 193, 206 (1998) (requiring "bad faith, deception, or false

ORDER DISMISSING ACTION -- 3

assurances by the defendant and the exercise of diligence by the plaintiff," for equitable tolling to apply), he presents no facts from which the Court could infer that any alleged promises to archive Plaintiff's legal work product prior to March 17, 2014, were false assurances which prevented Plaintiff from timely filing this action. Therefore, the Court will permit Plaintiff to proceed only with those claims arising after March 17, 2014.  Any factual allegations preceding Plaintiff's paragraph 18 in his First Amended Complaint, ECF No. 42 at 10, are subject to dismissal as time-barred.

## **LEGAL PROPERY**

Plaintiff complains that on March 19, 2014, Defendant Sergeant Adams threatened to destroy Plaintiff's legal property if Plaintiff did not send it out of the facility.  ECF No. 42 at 10.  Plaintiff complains that he was unable to have the property stored for "as-needed reference" or to use to appeal his conviction.[1] Plaintiff further complains that, in violation of his right to due process, Defendant Adams did not allow Plaintiff to confirm the address where he was sending his

---

[1] The Court takes judicial notice of the fact that Plaintiff had appealed his Benton County conviction, presenting nearly 100 *pro se* issues, and the Court of Appeals of Washington, Division III, affirmed his conviction and sentence on February 26, 2008.  *See State v. Genoway,* 143 Wash. App. 1021 (2008) (unpublished opinion).

ORDER DISMISSING ACTION -- 4

legal work product for safe keeping. Consequently, the materials were apparently lost.

In addition, Plaintiff complains that Defendant J. Ward refused to allow Plaintiff to return to the property/staging room to correct the address labels, or to call Defendant Adams to correct the address labels. ECF No. 42 at 10. Plaintiff complains that Defendant Counselor Smet would not intervene to prevent the loss of his legal materials by failing to consult with Defendants Lieutenant Duenich, Captain Arnett, Warden Miller-Stout, or Secretary Bernard Warner regarding the proper disposition of the legal property. *Id.* at 11.

Assuming each of these factual allegations to be true, Plaintiff has failed to present facts from which the Court could infer that Plaintiff suffered an actual injury to his access to the courts because of his inability to utilize legal work product amassed over several years. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).

Plaintiff failed to state a cognizable claim under § 1983 for his alleged property loss. Even if the deprivation of his property was intentional, Plaintiff has adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy). Plaintiff

ORDER DISMISSING ACTION -- 5

could seek redress in Washington state courts for his claim of lost property. Therefore, he has failed to state a due process claim upon which relief may be granted under 42 U.S.C. § 1983.

As previously advised, a supervising state official may be liable under § 1983 only if he or she "knew of the violation[ ] and failed to act to prevent [it]," *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989), or if he or she established a custom or policy that led to the violation. *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor can only be held liable for his or her own culpable action or inaction). The simple fact a person is in a supervisory position does not make them liable for the actions of their subordinates. Plaintiff has failed to allege facts indicating Defendants Warner, Miller-Stout, K. Lawrence, Arnett, or Duenich personally participated in a deprivation of his constitutionally protected rights.

## CELL SEARCH/RESTROOM RESTRICTION

Plaintiff asserts that, more than a year later, on May 12, 2015, Defendants Lutton, Sutton, and Himlie interrupted his preparation of court documents[2] to conduct a cell search. ECF No. 42 at 12. Plaintiff claims this was a "suspicious"

---

[2] Plaintiff seems to be alleging that he was re-creating documents previously sent out of the institution and lost. ECF No. 42 at 14.

search of his legal and personal property because Defendant Ward had searched his cell the previous morning while Plaintiff was working. *Id.* Plaintiff complains that unnamed witnesses in the day-room observed Defendants Lutton, Sutton, and Himlie reading through Plaintiff's legal papers. *Id.* He also asserts that it took him four and a half hours to organize his papers following the cell search, which allegedly interfered with his ability to produce legal documents. *Id.*

Prisoners have no reasonable expectation of privacy in their cells. *Hudson v. Palmer*, 468 U.S. 517 (1984). Consequently, the Fourth Amendment does not protect prisoners from cell searches, even those conducted only to harass. *Id.* at 530; *Nakao v. Rushen*, 766 F.2d 410, 411-12 (9th Cir. 1985). Furthermore, an inmate, his cell, and all his possessions are subject to inspection at any time and for any or no reason and the inspection of an inmate's legal papers in his absence is not a dramatic departure from the basic conditions of incarceration that might create a liberty interest. *See Mitchell v. Dupnik*, 75 F.3d 517, 523 (9th Cir. 1996); *see also Schenck v. Edwards,* 921 F.Supp. 679 (E.D. Wash. 1996).

In addition, Plaintiff has alleged no facts from which the Court could infer that the cell search on May 12, 2015, denied Plaintiff access to the courts or caused any other actual injury. *See Lewis v. Casey*, 518 U.S. at 351-52. Plaintiff does not allege facts showing the actions of Defendants Lutton, Sutton, or Himlie caused any of his court cases to be dismissed, prevented him from filing a case, or prevented him from meeting a court-imposed deadline.

Plaintiff complains that, as part of the search on May 12, 2015, he was subjected to a strip search and locked in a holding cell without a bathroom. ECF No. 42 at 12. He claims to suffer from renal and kidney damage due to Forced Urinary Retention. *Id.* at 15. He also claims that after 20 to 30 minutes, Defendant J. Ward came to the cell door, ignored Plaintiff's request to use the bathroom, and after repeated requests, told Plaintiff, "I'll tell Sgt. Himlie; its [sic] his game." *Id.* at 12. Plaintiff asserts he contemplated urinating in the holding cell. He indicates he was held there for two hours and twenty minutes. *Id.* at 14.

A prisoner seeking to impose Eighth Amendment liability against an individual for deliberate indifference must demonstrate three elements: (1) a "serious medical need," such that "failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain," *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted); (2) Defendant was "aware of" that serious medical need, *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994); and (3) Defendant disregarded the risk that need posed, *see id.* at 846, such as by denying or delaying care, *see Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012), *overruled in part by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (*en banc*) (holding monetary damages are unavailable against an official capacity defendant who lacks authority over budgeting decisions). Here, Plaintiff has alleged no facts indicating Defendants Ward, Lutton, Sutton, or Himlie knew Plaintiff was medically diagnosed with a condition

requiring use of a bathroom more frequently than every two hours and twenty minutes. As presented, Plaintiff's allegations are insufficient to state a claim of deliberate indifference to a serious medical need.

## GRIEVANCES

Plaintiff states that he filed a grievance on May 18, 2015, "seeking to preclude further vindictive or retaliatory staff misconduct." ECF No. 42 at 13. Plaintiff's vague allegations of retaliation are insufficient to state a cognizable claim for relief. He does not allege facts sufficient to show causation and the absence of a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("[A] state actor took some adverse action against an inmate . . . because of . . . that prisoner's protected conduct . . . ."); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (for a retaliation claim, plaintiff bears the burden of pleading and ultimately proving the absence of legitimate correctional goals).

Plaintiff appears to complain that Defendant Brenda DeShazer required him to re-write grievances Plaintiff submitted on March 19, 2015, to omit legal jargon. ECF No. 42 at 13, 17. In response to one grievance, Plaintiff was told that the denial of bathroom use needed "to be reviewed." *Id.* at 13. Plaintiff indicates that he completed the third level of appellate review of the grievance regarding bathroom use on September 21, 2015. He does not allege the deprivation of bathroom use has been repeated.

ORDER DISMISSING ACTION -- 9

Plaintiff also apparently complained about the adequacy of the law library. He claims Defendant DeShazer objected to his insistent use of the term "loggerheads," finding the term "derogatory," and closed the grievance process. ECF No. 42 at 18. Plaintiff claims this denied him "free speech."

While disrespectful language in a prisoner's grievance may be a protected activity under the First Amendment, *see Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (*citing Bradley v. Hall*, 64 F.3d 1276, 1281-82 (9th Cir. 1995) (*overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001)), Plaintiff does not allege that he was disciplined or threatened with discipline for his alleged use of protected speech. He does not state that he complied with the re-write instructions and still was not permitted to proceed with his grievance.

Plaintiff indicates he initiated another grievance regarding the law library issue, based on a new incident, and Defendant DeShazer assigned it the same grievance number. ECF No. 42 at 18. Plaintiff claims this violated Department of Corrections procedure and the second grievance was dismissed. The failure to follow prison policy, however, does not establish a constitutional violation. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

Plaintiff appears to allege that he sought to appeal his grievances to the Grievance Program Manager, Defendant Dale Caldwell, who "refused to administrate or manage the issue," and informed Plaintiff "it cannot be appealed to the Grievance Program Manager." ECF No. 42 at 19.

ORDER DISMISSING ACTION -- 10

Plaintiff asserts that when he filed a grievance with Defendant Grievance Coordinator Jason Martin regarding the alleged inadequacy of the law library on October 21, 2016, Defendants RAS4 Kraig Witt and Superintendent James Key "shirk[ed]" their responsibility by blaming "unknown" persons at Headquarters. ECF No. 42 at 20. On November 15, 2016, Plaintiff appealed the October 21, 2016, grievance. ECF No. 42 at 21. Plaintiff complains the level III appeal he submitted in December 2016 was rejected by Defendant Grievance Coordinator Jason Martin for containing more than one issue. *Id.* at 21-22. Plaintiff asserts that level III appeals ought to be administered by the Grievance Program Manager, Defendant Dale Caldwell. *Id.* at 22.

Plaintiff contends Defendant Martin is "forcing the author of the complaint to strike words and meanings presented to expand the understanding of the topic in the complaint through supporting context and illustration of the consequences of the offending action being grieved." *Id.* Plaintiff claims this is a violation of his right to Free Speech. While the Constitution protects the right of prisoners to file grievances and the right not to be punished or threatened with punishment for doing so, *Brodheim*, 584 F.3d at 1269, there is no constitutionally protected right to use limitless verbiage in those grievances.

The existence of an administrative remedy process does not create any substantive rights, and mere dissatisfaction with the remedy process or its results cannot, without more, support a claim for relief for violation of a constitutional

right. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The failure of prison officials to respond to or process a particular grievance does not violate the Constitution. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Baltoski v. Pretorius*, 291 F.Supp.2d 807, 811 (N.D. Ind. 2003) ("The right to petition the government for redress of grievances, however, does not guarantee a favorable response, or indeed any response, from state officials."). Plaintiff has failed to state a cognizable claim against Defendants Brenda DeShazer, Dale Caldwell, Jason Martin, Kraig Witt, or James Key regarding his grievances.

Plaintiff asserts the "invasion of attorney-client privilege." ECF No. 42 at 13. He presents no facts in support of this claim. Regardless, the Sixth Amendment protects the attorney-client relationship from unwarranted intrusion in criminal settings. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). Plaintiff has presented no facts from which the Court could infer a Sixth Amendment violation has occurred. This claim is subject to dismissal.

## LAW LIBRARY

Plaintiff appears to challenge the adequacy of the law library at the Airway Heights Corrections Center. ECF No. 42 at 16. He complains that the digital law library system which replaced the "book/publication document library" in 2012, "failed to operate reliably and consistently." *Id.*

He indicates that the "Westlaw system" was replaced in April 2017 with the "Lexis Legal Resource" which he contends is also inadequate for its lack of particular resources, including the Washington Practice Series. ECF No. 42 at 18. The April 2017 replacement would have taken place after Plaintiff submitted his initial complaint in this action. *See* ECF No. 1 (filed March 17, 2017).

Plaintiff states that he filed a grievance on October 21, 2016, claiming the replacement with the "Lexis brand" renders the library "a wholly inadequate resource missing extremely essential resource content." ECF No. 42 at 20. Again, Plaintiff alleges no facts from which the Court could infer that he was denied access to the court causing actual injury.

Prisoners have a constitutional right of meaningful access to the courts. *See Lewis*, 518 U.S. at 350. There is, however, no independent right of access to a law library or legal assistance. *Id.* at 350-51 (1996). An inmate cannot make out a claim "simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at 351. An inmate must demonstrate that any "alleged shortcomings in the prison library or legal assistance program have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim." *Id.* at 352. To establish a violation of their right, prisoners must demonstrate "actual injury" in their attempt to challenge either their sentences or conditions of confinement. *Id.* at 354-55. "Actual injury is some specific instance in which an inmate was actually denied access to the courts." *See*

ORDER DISMISSING ACTION -- 13

*Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994) (internal quotations omitted). Plaintiff has not made this showing.

Plaintiff references the "timely due process access to the courts." ECF No. 42 at 16. It is unclear what Plaintiff means by this. He has presented no facts from which the Court could infer that, during the time relevant to the present § 1983 action, he has been denied access to the courts causing actual injury. Plaintiff does not allege that he has made proffers to courts which were deemed time barred, and that when he reasonably sought to invoke equitable tolling on the basis of his own acts of due diligence, he was still denied access. Petitioner's assertions regarding a Personal Restraint Petition deemed untimely in 2009, *id.*, will not be considered in this § 1983 action.

As to Plaintiff's assertion that the resources available in the law library are inadequate, the resources that must be provided in a prison law library to avoid impairing the right of access to the courts are "those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355. A prison "need not provide its inmates with a library that results in the best possible access to the courts." *Lindquist v. Idaho State Bd. Of Corrs.*, 776 F.2d 851, 856 (9th Cir. 1985); *Phillips v. Hust*, 588 F.3d 652, 656 (9th Cir. 2009) ("[W]hat *Bounds* required was that the resources meet minimum constitutional standards sufficient to provide

meaningful, though perhaps not 'ideal,' access to the courts." (citing *Bounds v. Smith*, 430 U.S. 817 (1977)).

Here, Plaintiff asserted only generally that he was hindered in his ability to timely prepare this complaint. He does not allege that he was denied access to civil rights complaint forms or prevented from asserting factual allegations in a timely fashion. Plaintiff does not allege what non-frivolous allegations he would have presented, but was prevented by identified Defendants from presenting. Plaintiff's broad assertions of speculative injury are insufficient to show actual injury and standing to pursue an access to court claim. *Lewis,* 518 U.S. at 49-55.

**RELIEF REQUESTED**

In the Relief section of the First Amended Complaint, Plaintiff seeks to have infractions expunged. ECF No. 42 at 26. He presents no facts supporting a claim that he was denied due process at any disciplinary hearing entitling him to such relief. He alleges no facts from which the Court could infer an "atypical, significant deprivation" entitling him to the due process protections under *Sandin v. Conner*, 515 U.S. 472, 486 (1995). His assertions of First, Eighth, and Fourteenth amendment violations are similarly unsupported by factual allegations.

The Court previously cautioned Plaintiff that if his amended complaint did not correct the deficiencies identified by the Court, the Court would dismiss the action under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Because Plaintiff has already had the opportunity to amend

1 his complaint, it is apparent that further amendment would be futile. Therefore, **IT IS ORDERED** that this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **<u>Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims *in forma pauperis*</u>**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter Judgment, provide copies to Plaintiff at his last known address, and **CLOSE the case**. The Clerk of Court is further directed to provide a copy of this Order to the Office of the Attorney General of Washington, Corrections Division. Plaintiff did not proceed *in forma pauperis* in this action.

**DATED** November 28, 2017.

                                           *s/ Rosanna Malouf Peterson*
                                        ROSANNA MALOUF PETERSON
                                          United States District Judge